# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1716V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
SANDRA YADIRA CAMACHO CAZAREZ,  \*       Chief Special Master Corcoran
                            \*
        Petitioner,            \*       Filed: August 19, 2025
                            \*
        v.                    \*
                            \*
SECRETARY OF HEALTH         \*
AND HUMAN SERVICES,         \*
                            \*
        Respondent.         \*
                            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Beaulieu*, Siri & Glimstad LLP, Louisville, KY, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On October 3, 2023, Sandra Yadira Camacho Cazarez filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleges that she suffered "an on-table injury, specifically Shoulder Injury Related to Vaccine Administration ('SIRVA')," "and/or" and "off-table injury of Rheumatoid Arthritis ('RA')." Pet. at 1. On August 12, 2025, Respondent filed his Rule 4(c) Report recommending that entitlement to compensation be denied. *See* Report, dated Aug. 12, 2025 (ECF No. 33).

I subsequently set a status conference to be held on August 21, 2025. However, Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated Aug. 18, 2025 (ECF

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

No. 34) ("Mot."). Petitioner maintains that after an investigation of the facts and science supporting her case, she has determined that she would be unable to prove that she is entitled to compensation in the Vaccine Program, and that to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. Mot. at 1, 2. Petitioner acknowledges that a decision dismissing her petition will result in a judgment against her, and that such a judgment will end all her rights in the Vaccine Program. *Id.* at 2. And she has expressed her desire to exercise her rights to file a civil action in the future pursuant to Section 21(a)(2). *Id.*

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. Under such circumstances, the decision will result in a judgment, although the dismissal will be *with prejudice* (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). But Petitioner has affirmatively represented that she prefers to no longer proceed with her claim, and she has not offered evidence sufficient to support the claim.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

       **IT IS SO ORDERD**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.